Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Amobi Agu                                    Docket No. 1:08CR00154-001

### Petition on Supervised Release

COMES NOW Frank Weaver, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Amobi Agu, who was placed on supervision by the Honorable Liam O'Grady, United States District Court Judge sitting in the Court at Alexandria, Virginia, on the 25th day of July, 2008, who fixed the period of supervision at 5 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer with access to requested financial information.

2. The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

3. The defendant shall pay restitution in the amount of $227,057.00 in monthly payments of $300.00 to commence within 60 days of release, until paid in full, as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 20th day of Oct, 20 20 and ordered filed and made a part of the records in the above case.

_____
Liam O'Grady
Senior United States District Court Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:   Frank Weaver
Digitally signed by Frank Weaver
Date: 2020.10.19 12:10:08 -04'00'

Frank Weaver
Senior U.S. Probation Officer
(703) 366-2118
Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: Agu, Amobi

OFFENSE: Armed Bank Robbery in violation of Title 18, U.S.C. § 2113(a) & (d); and Use of a Firearm During a Crime of Violence in violation of Title 18, U.S.C. § 924(c)(1)(A).

SENTENCE: The defendant was sentenced to 319 months imprisonment followed by a 5-year term of supervised release under the aforementioned special conditions. The defendant was further ordered to pay a $200.00 special assessment.

ADJUSTMENT TO SUPERVISION: The defendant was released from the custody of the Bureau of Prisons on March 17, 2020, and his term of supervised release commenced on that date. On May 28, 2020, the defendant's supervision was transferred to the District of Columbia due to his residence in that jurisdiction. Currently, supervision is being coordinated by Senior United States Probation Officer (SrUSPO) Ami Landon. In a report dated October 8, 2020, SrUSPO Landon advised Mr. Agu currently resides with his grandparents and earns $21.05 per hour working as a sheet metal apprentice for the Bowers Group. Further, she advised the defendant's special assessment has been paid in full.

On September 1, 2020, the defendant completed a substance abuse assessment with Family and Medical Counseling Services and no treatment was recommended. Mr. Agu has admitted to his supervising officer that he has not consistently contacted the drug test line for reporting instructions and SrUSPO Landon indicated Mr. Agu's last urinalysis test on August 25, 2020, yielded negative results.

Regarding his financial conditions, on May 27, 2020, SrUSPO Landon instructed the defendant to complete a financial investigation packet and return the completed packet to the probation officer with supporting documentation no later than June 5, 2020. Officer Landon advised that, although Mr. Agu returned the packet, he did not include the required supporting documentation and later sent a picture via text message of his latest pay stub. On August 11, 2020, Mr. Agu reported to the probation officer that he was buying vehicle at auction and reselling them in addition to his employment at Bowers Group. The probation officer instructed Mr. Agu to provide documentation of this source of income which he failed to provide. On October 7, 2020, Mr. Agu advised SrUSPO Landon that he was no longer buying and selling vehicles at auction.

With respect to his restitution requirement, SrUSPO Landon indicated she has repeatedly advised Mr. Agu that according to his reported income, he can afford the monthly restitution obligation of $300.00. Mr. Agu has continued to articulate to SrUSPO Landon that he does not have the money for the monthly restitution. Officer Landon advised, and Clerk's Office records reflect, Mr. Agu has made only one restitution payment of $300.00 since his release and this payment took place in May 2020. This officer notes a payment of $35,446.00, posted to the defendant's account which SrUSPO Landon believes to be a forfeiture obligation. On October 6, 2020, Mr. Agu requested a restitution modification request to be submitted by SrUSPO Landon as he indicated he was never going to pay back all the money and therefore it did not matter what the monthly payments were. When SrUSPO Landon advised this was unacceptable and the victim needed to be made whole, Mr. Agu continued to indicate he did not have the money for the restitution obligation. At that time, Mr. Agu was reminded by SrUSPO Landon that based on the financial information submitted to her during the course of the investigation, it was apparent that Mr. Agu did have the money for the restitution payments. At that time, Mr. Agu agreed.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION 1:**     **FAILURE TO PROVIDE THE PROBATION OFFICER WITH ACCESS TO REQUESTED FINANCIAL INFORMATION.**

Petition on Supervised Release
Page 3
RE: Agu, Amobi

In correspondence dated October 8, 2020, SrUSPO Landon advised on or about June 6, 2020, and August 11, 2020, Mr. Agu was instructed to provide financial material to his supervising officer. As reported in the defendant's supervision adjustment, Mr. Agu has failed to comply with SrUSPO Landon's directives to submit supporting documentation with his financial investigation documentation as well as documentation of his source of income obtained from the auto auction.

**SPECIAL CONDITION 2:** **FAILURE TO COMPLY WITH SUBSTANCE ABUSE TESTING.**

In correspondence dated October 8, 2020, SrUSPO Landon advised on or about September 10, 2020, September 21, 2020, and September 30, 2020, Mr. Agu failed to report for substance abuse testing at Family and Medical Counseling Services.

**SPECIAL CONDITION 3:** **FAILURE TO PAY RESTITUTION IN MONTHLY INSTALLMENTS OF $300.00 SINCE RELEASE FROM CUSTODY.**

In correspondence dated October 8, 2020, SrUSPO Landon advised, and Clerks' Office records reflect, Mr. Agu has failed to pay his monthly restitution obligation of $300.00 per month. Records reflect as of this writing, Mr. Agu has made one payment of $300.00 in May 2020. Accordingly, Mr. Agu has failed to pay restitution for the months of June, July, August and September 2020.

**STANDARD CONDITION 2:** **FAILURE TO SUBMIT MONTHLY SUPERVISION REPORTS AS DIRECTED.**

In correspondence dated October 8, 2020, SrUSPO Landon advised Mr. Agu has failed to submit monthly supervision reports for the months of June, July, August and September 2020.

FJW/cdp

**Under Seal**

UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Amobi Agu</u>　　　　　　　　　　　　　　　　Docket No. <u>1:08CR00154-001</u>

### Addendum to Petition on Supervised Release

**MANDATORY CONDITION:**　　**COMMISSION OF A NEW CRIME – ASSAULT WITH A DANGEROUS WEAPON (FELONY).**

On January 28, 2021, Amobi Agu was arrested and charged with felony Assault with a Dangerous Weapon by the Metropolitan Police Department in Washington, D.C. A review of the police report indicated this assault was a result of the defendant arguing with his girlfriend about her contact with other individuals on a social media account. During the course of the disagreement, Mr. Agu allegedly produced a firearm and threatened the victim. As of this writing, Mr. Agu remains in custody in Washington, D.C. pending adjudication for this new criminal charge. Court records reflect the defendant currently has no bond set and is scheduled to appear for a status conference on February 18, 2021.

**MANDATORY CONDITION:**　　**COMMISSION OF A NEW CRIME – ROBBERY OF A BUSINESS.**

During the course of the investigation related to the new criminal conduct in Washington, D.C. this officer learned Mr. Agu also has an outstanding warrant for Robbery of a Business in Montgomery County Maryland. As of this writing, the warrant remains outstanding.

### ORDER OF COURT

Considered and ordered this __22nd__ day of __February__, __2021__, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

_____
Liam O'Grady
Senior United States District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

*Frank Weaver*
Digitally signed by Frank Weaver
Date: 2021.01.29 11:11:38 -05'00'

Frank Weaver
Senior U.S. Probation Officer
703-366-2188

Place: <u>Alexandria, Virginia</u>

**TO CLERK'S OFFICE**

DF-102 (TSR) (05/11) (Page 1)

# UNITED STATES PROBATION OFFICE
## EASTERN DISTRICT OF VIRGINIA

## SUPERVISED RELEASE VIOLATION WORKSHEET

1. Defendant: Amobi Agu

2. Docket Number: (Year-Sequence-Defendant No.)   1:08CR00154-001

3. District/Office:   Eastern District of Virginia/Alexandria Division

4. Original Sentence Date: *(MM/DD/YYYY)*   July 25, 2008

5. Original Docket Number: (Year-Sequence-Defendant No.)
   (If different than above)

6. Original District/Office:
   (If different than above)

7. List each violation and determine the applicable grade (see §7B1.1):

   | Violation(s): | Grade: |
   |---|---|
   | • Failure to provide the probation officer with access to requested financial information | C |
   | • Failure to pay monthly restitution obligation. | C |
   | • Failure to report for substance abuse testing | C |
   | • Failure to submit monthly supervision reports. | C |
   | • Commission of a Crime: Robbery with a Firearm, Use of a Firearm in Commission of a Felony and Possession of a Firearm by a Felon | A |
   | • Commission of a Crime: Assault with a Dangerous Weapon | A |
   | • Commission of a Crime: Robbery of a Business | A |

8. Most Serious Grade of Violation (see §7B1.1(b)):   A

9. Criminal History Category (see §7B1.4(a)):   IV

10. Range of Imprisonment

    A. Revocation Table Range (see §7B1.4(a))   37 to 46 months

    B. If found in violation for possession of a controlled substance (unless excepted by the Court) or firearm, refusal to comply with drug testing, or for testing positive for illegal controlled substances more than 3 times over the course of 1 year after November 2, 2002, (unless excepted by the Court), the Court shall revoke the term of supervised release and impose a sentence that includes a term of imprisonment. (See 18 U.S.C., §3583(g) as amended by Section 2103 of the 21st Century DOJ Appropriations Reauthorization Act, Pub.L.107-273 (Nov. 2, 2002)).

    C. Statutory Maximum   60 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate space):

DF-102 (TSR) (05/11)                                                                                                      (Page 2)

__X__ (a)    If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

___ (b)    If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but no more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

___ (c)    If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12.  Unsatisfied Conditions of Original Sentence:

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation. (see §7B1.3(d)):

| Special Assessment: | ($) |            | Community Confinement: |
|---|---|---|---|
| Restitution: | ($) | 191,161.00 | Home Detention: |
| Fine: | ($) |            | Intermittent Confinement: |
| Other: | ($) |            |  |

13.  If supervised release is revoked and the term of imprisonment is imposed, the Court may, according to the PROTECT Act of 2003, include a requirement that the defendant be placed on a term of supervised release after imprisonment. Said term of supervised release may be no more than 5 years (term of supervised release authorized by statute for the original offense) less the term of imprisonment imposed upon revocation (see 18 U.S.C. §3583(h) and §7B1.3(g)(2)).

14.  Departure:

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

* 

* 

* 

15.  Official Detention Adjustment (see §7B1.3(e)): ____ months ____ days

Respectfully submitted,

*Frank Weaver* (signature)
Digitally signed by Frank Weaver
Date: 2021.01.29 11:13:41 -05'00'

_____
Frank Weaver                                                           Date
Senior U.S. Probation Officer
(703) 366-2118

FJW/cdp

DF-102 (TSR) (05/11)  (Page 3)

Transmit Documents to the United States Sentencing Commission.